# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERRY MUSGRAVE**, <br> 91 May Court (Upper) <br> Chagrin Falls, OH  44022, <br><br> Plaintiff, <br><br> vs. <br><br> **ROLF GOFFMAN MARTIN LANG LLP**, <br> 30100 Chagrin Boulevard Suite 350 <br> Cleveland, OH  44124, <br><br> & <br><br> **ARIC MARTIN**, <br> 17360 Coldwater Trail <br> Chagrin Falls, OH  44023, <br><br> Defendants. | CASE NO.: <br><br> JUDGE <br><br> **COMPLAINT** <br><br> **Plaintiff demands a trial by jury on all issues so triable** |

1. Plaintiff Terry Musgrave ("Plaintiff" or "Ms. Musgrave") is a citizen of the United States and an Ohio resident.

2. Defendant Rolf Goffman Martin Lang LLP ("the Firm") is an Ohio limited liability partnership with its principal place of business at 30100 Chagrin Boulevard, Suite 350, Cleveland, OH 44124, in Cuyahoga County.

3. Defendant Aric Martin ("Martin") is a resident of Ohio who is a partner of the Firm and is the Firm's managing partner in Cuyahoga County.

4. Defendants the Firm and Martin (collectively "Defendants") are "individuals" and "employers" within the meaning of Ohio Revised Code Chapters 4111 and 4112, 29 U.S.C. §203, and the Ohio Constitution Article II, Section 34a.

5. Ms. Musgrave is an "employee" within the meaning of Ohio Revised Code Chapters 4111 and 4112, 29 U.S.C. §203, and the Ohio Constitution Article II, Section 34a.

6. Jurisdiction and venue are proper in the United States District Court for the Northern District of Ohio. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this case is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., and this Court has supplemental jurisdiction over Plaintiff's Ohio state law claims under 28 U.S.C. §1367, inasmuch as the claims derive from the same nucleus of operative facts as Plaintiff's federal claims.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

7. Ms. Musgrave was hired by the Firm on or about February 2012.

8. Ms. Musgrave was qualified for the positions she held and performed her responsibilities successfully at all times during her employment.

9. During her employment with the Firm Ms. Musgrave was subjected to unwelcome interactions of a sexual nature by Defendant Martin.

10. Ms. Musgrave complained to the Firm about unwelcome interactions of a sexual nature by Defendant Martin.

11. At all relevant times, Defendant Martin was the managing partner of the Firm.

12. Defendants suffered and permitted Ms. Musgrave to work hours for which she was not compensated and also to work over forty (40) hours per week without receiving overtime compensation.

13. Defendants did not keep a record of the hours worked for each day worked by Ms. Musgrave.

14. The Firm has employees engaged in commerce or in the production of goods for commerce, and has an annual gross volume of sales made or business done that is not less than $500,000.00.

15. Ms. Musgrave worked in positions of employment for Defendants, such as "receptionist," that are not exempt from the overtime requirements of the Ohio Minimum Fair Wage Standards Act and the Fair Labor Standards Act.

16. Ms. Musgrave received a bonus on June 23, 2015, based upon her good performance.

17. Ms. Musgrave subsequently complained to Defendants on June 23, 2015 (during a meeting which included Defendant Martin) that she was being compensated illegally under the wage and hour laws, including that she was not being paid for all hours worked.

18. Ms. Musgrave also complained in writing to Defendants on June 24, 2015, that she was being compensated illegally under the wage and hour laws, and that she had been retaliated against and subjected to adverse treatment in the June 23 meeting when she raised the issue of illegal pay practices.

19. Defendants terminated Ms. Musgrave the same day, on June 24, 2015, after this written complaint.

20. Defendants terminated Ms. Musgrave because of her complaints about being compensated illegally under the wage and hour laws and/or because of her complaints about sexual harassment.

**COUNT ONE**
**(Violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

21. Ms. Musgrave incorporates the preceding allegations of her Complaint by reference as if fully written herein.

22. Ms. Musgrave worked in positions of employment for Defendants that are not exempt from the overtime requirements of the Fair Labor Standards Act.

23. Ms. Musgrave was paid a salary and was paid that same salary regardless of the number of hours she actually worked.

24. Ms. Musgrave during some weeks worked more than forty (40) hours.

25. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Fair Labor Standards Act in that they failed to make, keep, and preserve adequate and accurate records of Ms. Musgrave's hours of work.

26. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act by employing Ms. Musgrave for workweeks longer than forty (40) hours without paying for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which she was employed.

27. Defendants willfully, in bad faith, and knowingly violated the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act by employing Ms. Musgrave for workweeks longer than forty (40) hours without paying for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which she was employed.

28. Pursuant to Section 16(b) of the Fair Labor Standards Act, Plaintiff is entitled to her unpaid wages, her unpaid overtime, and liquidated damages, as well as her attorneys' fees, costs, and expenses of this action, and such other legal and equitable relief as this Court deems proper.

## COUNT TWO
### (Violation of the Anti-Retaliation Provisions of the Fair Labor Standards Act, 29 U.S.C. §§215 and 216)

29. Ms. Musgrave incorporates the preceding allegations of her Complaint by reference as if fully written herein.

30. Ms. Musgrave engaged in activity protected under the Fair Labor Standards Act when she complained to Defendants about their pay practices.

31. Defendants took adverse action against Ms. Musgrave in violation of 29 U.S.C. §215(a)(3), including terminating her employment, because Ms. Musgrave complained about matters under and/or related to the Fair Labor Standards Act.

32. Pursuant to Section 16(b) of the Act, Ms. Musgrave is entitled to legal and equitable remedies including but not limited to employment, reinstatement, promotion, the payment of wages lost and liquidated damages, as well as her attorney's fees, costs and expenses of this action.

## COUNT THREE
### (Violation of Ohio Minimum Fair Wage Standards, O.R.C. §4111.01, et seq. and Ohio Constitution Article II, §34a)

33. Ms. Musgrave incorporates the preceding allegations of her Complaint by reference as if fully written herein.

34. Defendants failed to pay Ms. Musgrave for overtime at a wage rate of one and one-half times her wage rate for hours worked in excess of forty hours in one workweek, as required by O.R.C. §4111.03.

35. Defendants failed to maintain records of the hours worked by Ms. Musgrave each day and each work week as required by O.R.C. §4111.08 and by Article II, Section 34a of the Ohio Constitution.

36. Under O.R.C. §4111.10, O.R.C. §4111.14 and the Ohio Constitution Article II, Section 34a, Defendants are liable to Ms. Musgrave in the amount of their underpayments based upon Defendants' failure to keep records and pay lawful wages due, as well as attorneys' fees, costs, expenses, liquidated damages, punitive damages, and such other legal and equitable relief as this Court deems proper.

## COUNT FOUR
### (Sexual Harassment and Retaliation, O.R.C. §4112)

37. Ms. Musgrave incorporates the preceding allegations of her Complaint by reference as if fully written herein.

38. Ms. Musgrave was qualified for the positions she held and performed her responsibilities successfully at all times during her employment.

39. Ms. Musgrave was the object of unwelcome remarks and other behavior of a sexual nature by Defendant Martin, including stopping his car near her home and repeatedly calling her "hot."

40. Ms. Musgrave complained to Defendant the Firm that she had been subjected to sexual harassment in the form of unwelcome remarks and other behavior of a sexual nature by Defendant Martin.

41. Defendant Martin was informed by the Firm about her complaint about his behavior.

42. Because of Ms. Musgrave's complaint about sexual harassment, Defendants subjected Ms. Musgrave to discriminatory treatment, including by subjecting her to unwarranted scrutiny and terminating her employment.

43. Defendants discriminated against Ms. Musgrave because of her sex and in retaliation for her complaint about sexual harassment with respect to the terms, conditions, and

privileges of her employment, including but not limited to terminating her employment, and refusing to transfer, redeploy, recall, or rehire her to open positions for which she was qualified.

44. Defendants' termination of Ms. Musgrave's employment and other discrimination against Ms. Musgrave violated Sections 4112.02 and Section 4112.99 of the Ohio Revised Code.

45. As a direct and proximate result of Defendants' conduct, Ms. Musgrave has suffered and will continue to suffer non-economic and economic injuries, including but not limited to pain and suffering and the loss of past and future economic losses, salary, wages, benefits, and other privileges and conditions of employment, for which Defendants are liable.

46. Defendants' conduct in terminating Ms. Musgrave's employment was willful, wanton, reckless and/or malicious, and renders Defendants liable for compensatory damages, punitive damages and attorneys' fees pursuant to Section 4112.99 of the Ohio Revised Code.

## COUNT FIVE
### (Aiding and Abetting, O.R.C. §4112.02(J))

47. Ms. Musgrave incorporates the preceding allegations of her Complaint by reference as if fully written herein.

48. Defendant Martin aided, abetted and incited the termination and failure to rehire and other unlawful conduct discussed herein against Ms. Musgrave with respect to the terms, conditions and privileges of employment.

49. As a direct and proximate result of Defendant Martin's conduct, Ms. Musgrave suffered and will continue to suffer non-economic and economic injuries, including but not limited to pain and suffering and the loss of wages, salary, benefits, and other privileges and conditions of employment, for which Defendant Martin is liable.

50. Defendant Martin's conduct was willful, wanton, reckless and/or malicious, and renders Defendant Martin liable for compensatory damages, punitive damages and attorneys' fees pursuant to Section 4112.99 of the Ohio Revised Code.

## **CONCLUSION**

**WHEREFORE**, Ms. Musgrave states that she seeks an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor; and award her economic and non-economic compensatory damages, back wages, interest, fringe benefits, consequential damages, incidental damages, liquidated damages, punitive damages, all costs including but not limited to witness fees and fees for experts,  and reasonable attorneys' fees, and grant such additional or alternative relief as the Court may determine to be just and equitable.

**A TRIAL BY JURY IS REQUESTED.**

Respectfully submitted,

*/s/ Elizabeth A. Rader*
ELIZABETH A. RADER (0038756)
brader@tpgfirm.com
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, Ohio 44113
Phone: (216) 621-3500
Fax:    (216) 621-3422