UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRY MUSGRAVE, | ) Case No. 1:15-cv-02171 |
| | ) |
| Plaintiff, | ) JUDGE BOYKO |
| | ) MAGISTRATE JUDGE McHARGH |
| vs. | ) |
| | ) |
| ROLF GOFFMAN MARTIN LANG LLP, | ) |
| | ) ANSWER OF DEFENDANTS TO |
| | ) PLAINTIFF'S COMPLAINT |
| & | ) |
| | ) |
| ARIC MARTIN, | ) |
| | ) |
| Defendants | ) |

Now come Defendants Rolf Goffman Martin Lang LLP ("Defendant Firm") and Defendant Aric Martin ("Defendant Martin") (collectively, "Defendants") and for their Answer to Plaintiff's Complaint state:

1. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore deny same.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Defendants admit that Plaintiff was hired by Defendant Firm on or about February 27, 2012. Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that Plaintiff was qualified for the positions she held while employed by Defendant Firm. Defendants deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants affirmatively state that on one occasion in 2013, Plaintiff reported that Defendant Martin referred to her as "hot"; that Defendant Firm promptly investigated Plaintiff's report; that Defendant Martin explained he had said, "Hey, hot mama" and that the comment had been intended in a light hearted manner; that Defendant Martin immediately apologized upon being told that the comment had made Plaintiff uncomfortable; that Plaintiff reported that she was satisfied with how Defendant Firm handled the matter; and that Plaintiff never again reported any allegations of harassment while employed by Defendant Firm. As Plaintiff is well aware, this single reference made more than two years earlier was absolutely not of a sexual nature. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit they paid Plaintiff $500.00 on June 23, 2015. Defendants deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit that during a meeting on June 23, 2015, attended by Defendant Martin, Plaintiff complained that she felt she was being compensated illegally under the wage and hour laws and that the law required that she be paid on an hourly basis and not salary. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit that on June 24, 2015, Plaintiff restated in writing her belief that the law required that she be compensated on an hourly basis. Defendants deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations on Paragraph 20 of Plaintiff's Complaint.

## COUNT ONE
**(Violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

21. In response to Paragraph 21 of The Plaintiff's Complaint, Defendants incorporate by reference, as though fully rewritten herein, their responses to Paragraphs 1 through 20 of Plaintiff's Complaint.

22. Defendants admit the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

## COUNT TWO
### (Violation of the Anti-Retaliation Provisions of the Fair Labor Standards Act, 29 U.S.C. §§215 and 216)

29. In response to Paragraph 29 of The Plaintiff's Complaint, Defendants incorporate by reference, as though fully rewritten herein, their responses to Paragraphs 1 through 28 of Plaintiff's Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

## COUNT THREE
### (Violation of Ohio Minimum Fair Wage Standards, O.R.C. §4111.01, et seq. and Ohio Constitution Article II, §34a)

33. In response to Paragraph 33 of The Plaintiff's Complaint, Defendants incorporate by reference, as though fully rewritten herein, their responses to Paragraphs 1 through 32 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

## COUNT FOUR
### (Sexual Harassment and Retaliation, O.R.C. §4112)

37. In response to Paragraph 37 of The Plaintiff's Complaint, Defendants incorporate by reference, as though fully rewritten herein, their responses to Paragraphs 1 through 36 of Plaintiff's Complaint.

38. Defendants admit that Plaintiff was qualified for the positions she held while employed by Defendant Firm. Defendants deny the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit that one occasion in 2013, Defendant Martin (who lived in the same town as Plaintiff) stopped his car when he saw Plaintiff walking near her home and called out, "Hey, hot mama" in a lighthearted manner. Defendants deny the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit that on one occasion in 2013, Plaintiff reported that Defendant Martin referred to her as "hot"; that Defendant Firm promptly investigated Plaintiff's report; that Defendant Martin explained he had said, "Hey, hot mama" and that the comment had been intended in a light hearted manner; that Defendant Martin immediately apologized upon being told that the comment had made Plaintiff uncomfortable; that Plaintiff reported that she was satisfied with how Defendant Firm handled the matter; and that Plaintiff never again reported any allegations of harassment while employed by Defendant Firm. As Plaintiff is well aware, this single reference made more than two years earlier was absolutely not of a sexual nature. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

41. Defendants admit the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

## COUNT FIVE
### (Aiding and Abetting, O.R.C. §4112.02(J))

47. In response to Paragraph 47 of The Plaintiff's Complaint, Defendants incorporate by reference, as though fully rewritten herein, their responses to Paragraphs 1 through 46 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny all allegations made in Plaintiff's Complaint not heretofore expressly admitted.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims for retaliation are barred because all actions taken by Defendants with respect to Plaintiff were based upon legitimate, non-retaliatory business reasons.

3. Defendants would have taken the same actions relating to Plaintiff's employment regardless of the alleged retaliatory motive.

4. One or both Defendants have no liability for the above claims.

5. Plaintiff's claims are knowingly false and/or brought without any reasonable basis, but intended only to harass and embarrass Defendants.

6. Plaintiff's claims for liquidated damages are foreclosed by virtue of Defendants good faith and reasonable belief that they were acting in accordance to the FLSA by adopting and enforcing compensation practices and policies that were not in violation of the FLSA.

7. Plaintiff cannot establish that any acts or omissions of Defendants were willful under the FLSA.

8. Plaintiff's claims are barred to the extent that her actions were the cause of a failure of Defendants, if any, to record and/or maintain records of hours worked by Plaintiff each day and each workweek.

9. Plaintiff's claims are barred because her own actions and/or inactions prevented Defendants from discovering any incidents of unpaid work.

10. Plaintiff's claims should be dismissed because all amounts owed by Defendants under the FLSA have been paid or otherwise satisfied.

11. Plaintiff's claims should be dismissed because Defendant Firm has paid her fully for all hours she claims to have been unpaid.

12. Plaintiff's allegations, even if true, involve insubstantial and insignificant amounts of time, or are *de minimus*.

13. Plaintiff's claims are barred by the doctrine of unclean hands.

14. Some or all of Plaintiff's claims are barred by the doctrines of waiver and estoppel.

15. Some or all of Plaintiff's claims are barred by the doctrine of laches.

16. Some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

17. Plaintiff has failed to mitigate her damages. 18. Plaintiff's alleged damages are too speculative to be permitted.

18. Plaintiff's claims are barred to the extent they are beyond the statute of limitations.

19. Defendants maintained an appropriate sexual harassment policy and Plaintiff failed to avail herself of the policy.

20. Plaintiff and/or Plaintiff's attorney failed to conduct a reasonable investigation of the allegations contained in the Complaint, and the brazen falsity of some of these allegations justifies an award of fees incurred by Defendants in responding to this lawsuit.

21. Defendants reserve the right to amend their Answer and to assert additional claims and/or defenses which may be revealed through the course of discovery in these proceedings.

WHEREFORE, having fully answered the Complaint of Plaintiff Terry Musgrave, Defendants Rolf Goffman Martin Lang LLP and Aric Martin, respectfully demand that Plaintiff's Complaint be dismissed in its entirety with prejudice, that Plaintiff be denied any and all relief demanded therein, that Defendants be awarded their reasonable costs, expenses and attorneys fees incurred in defending this action, and that Defendants be awarded any other relief to which they are entitled.

Respectfully submitted,

*s/ Robert M. Wolff*
Robert M. Wolff, Esq. (0006845)
**LITTLER MENDELSON P.C.**
Oswald Centre
1100 Superior Avenue East – 20th Floor
Cleveland, OH 44114
(216) 696-7600
(216) 696-2038 (Fax)
rwolff@littler.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on November 13, 2015, a copy of the foregoing *Defendants' Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to all parties, including those listed below, by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Elizabeth A. Rader (0038756)
Christopher P. Thorman (0056013)
THORMAN PETROV GROUP CO., LPA
3100 Terminal Tower
50 Public Square
Cleveland, OH 44113
(216) 621-3500
(216) 621-3422 (fax)
brader@tpgfirm.com
cthorman@tpgfirm.com

*Attorneys for Plaintiff*

                                         *s/ Robert M. Wolff*
                                         Robert M. Wolff